UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:14-cr-120 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JEREMY HANSHAW ET AL. | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION IN LIMINE (DOC. 74)**

This criminal action is before the Court on Defendants' joint motion *in limine* (Doc. 74) and the Government's response in opposition (Doc. 75).[1] Defendants move the Court to permit the introduction of testimony concerning the conduct of the alleged victim, L.K., on or about August 28, 2015.

### I. STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts may properly deny or defer ruling on motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.

---

[1] Pursuant to the Second Superseding Indictment, Defendants are charged with conspiracy against civil rights in violation of 18 U.S.C. § 241; deprivation of rights under color of law in violation of 18 U.S.C. § 242; and destruction, alteration or falsification of records in violation of 18 U.S.C. § 1519. The charges in the Second Superseding Indictment relate to Defendants' use of force against an arrestee, L.K., in the Lawrence County Jail booking area on or about August 16, 2014.

Supp.2d 844, 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II.     ANALYSIS

Defendants seek permission to introduce testimony about the conduct of L.K. on or about August 28, 2015. More specifically, Defendants propose to introduce testimony regarding L.K.'s conduct, as documented in a police report that indicates L.K. was arrested and charged with disorderly conduct, obstructing official business, and resisting arrest on August 28, 2015. The police report indicates that L.K. confronted officers when they were attempting to serve a warrant on another person. The report also states that individuals at the scene were dishonest with the police about the whereabouts of the person they were seeking in connection with the warrant, although it is unclear from the report whether L.K. was dishonest about the person's whereabouts. Defendants contend such evidence is relevant and admissible because: (1) it shows a pattern of aggressive behavior by L.K. towards law enforcement officers; and (2) it is probative of L.K.'s truthfulness.

Evidence of other crimes or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith," although such evidence may be admissible for other purposes, including motive, intent, and knowledge. Fed. R. Evid. 404(b). Rule 404's prohibition on using evidence of past or subsequent crimes, wrongs or other acts to show propensity is clear. *United States v. Clark*, 377 Fed. Appx. 451, 458 (6th Cir. 2010) (evidence of victim's past convictions was not admissible to show that

victim was the aggressor because such evidence went to victim's alleged propensity toward violence, in violation of Rule 404(b)); *Easley v. Haywood*, No. 1:08-cv-601, 2015 U.S. Dist. LEXIS 55463, at *7 (S.D. Ohio Apr. 28, 2015) (evidence of plaintiff's prior and subsequent altercations with other prison officials was not admissible to show that he had a propensity or character for violence or a tendency to react to authority in a particular way).

Here, Defendants are explicit that they seek to introduce evidence of L.K.'s acts on August 28, 2015 in order to show propensity toward aggressive behavior aimed at police officers. But this is exactly the type of evidence that Rule 404(b) prohibits. *Id.* Accordingly, evidence of L.K.'s conduct on August 28, 2015 is not admissible under Rule 404.

Defendants also contend, by way of footnote, that such evidence is admissible under Fed. R. Evid. 405. Pursuant to Rule 405(b), "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405. Here, the Court is not persuaded that L.K.'s character is an essential element of a charge, claim or defense. Indeed, even if L.K. were an entirely aggressive person, the jury still would be free to decide that Defendants' conduct was unlawful, and by the same token, a successful defense would not require establishing L.K.'s propensity to aggressiveness. *See Clark*, 377 Fed. Appx. at 460. As a result, evidence of L.K.'s conduct on August 28, 2015 is not admissible under Rule 405.

The Court also is not persuaded that the evidence at issue is admissible pursuant to Rule 608.  Rule 608(b) of the Federal Rules of Evidence provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *United States v. Richardson*, 793 F.3d 612, 628 (6th Cir. 2015).  Rule 608(b) also provides that "the court may, on cross-examination, allow [these specific instances] to be inquired into if they are probative of the character for truthfulness or untruthfulness of [a witness]." *Id.*  Rule 608(b)'s prohibition on extrinsic evidence is "designed to prevent distracting mini-trials on collateral matters." *Id., citing Boggs v. Collins*, 226 F.3d 728, 744 (6th Cir. 2000).  Rule 608(b) therefore places "within the discretion of the trial court" whether to permit cross-examination about specific conduct that may be probative of a witness' truthfulness or lack therefore. *Id.*

Here, the evidence Defendants seek to introduce is the type of evidence intended to be precluded by Rule 608(b), in that the rule expressly precludes extrinsic evidence of specific instances of conduct.  And although the rule gives the Court discretion to permit cross-examination into specific conduct that may be probative of a witness' truthfulness or lack therefore, here the evidence at issue is not clearly probative of the witness' character for truthfulness.  Indeed, the police report does not indicate that L.K. was in fact dishonest with police officers about the whereabouts of the person sought by the officers; it only indicates that L.K. confronted officers at the scene.  Accordingly, the Court is not inclined to exercise its discretion to permit cross-examination regarding L.K.'s conduct on or about August 28, 2015.

4

Moreover, Rule 403 counsels against admission of such evidence because it would likely confuse or mislead the jury and could unfairly prejudice the Government. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993).

Here, as discussed above, the probative value of the evidence is questionable. On the other hand, there is a significant danger that the jury will confuse issues of L.K.'s interaction with law enforcement officers on August 28, 2015 versus L.K.'s interaction with law enforcement officers on or about August 16, 2014. Likewise, there is a high risk that the jury would conclude that L.K. is generally a bad or aggressive individual and as a result, disregard his testimony regarding the incident in question. The risk that the jury would decide the case based on their dislike of L.K. rather than the facts and the law substantially outweighs the probative value of such evidence. *See Richardson*, 793 F.3d at 629 (affirming district court's determination that limited probative value of evidence was outweighed by danger that jury would be confused or misled and the possibility of prejudice to the government). As a result, exclusion of the evidence pursuant to Rule 403 is appropriate as well.

For the foregoing reasons, any and all testimony and evidence regarding L.K.'s conduct on or about August 28, 2015 is inadmissible.

## III. CONCLUSION

Accordingly, based on the foregoing, Defendants' motion *in limine* (Doc. 74) is **DENIED**, as set forth in this Order.

**IT IS SO ORDERED**.

Date:  9/11/2015  _/s/Timothy S. Black_____
Timothy S. Black
United States District Judge